J-S34042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JORDAN ANTHONY BATTY | |
| Appellee | No. 1961 MDA 2015 |

Appeal from the Order Entered October 29, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002942-2015

BEFORE: PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 29, 2016**

The Commonwealth appeals the order entered on October 29, 2015 in the Court of Common Pleas of York County granting Appellee Jordan Anthony Batty a new trial. We vacate the October 29, 2015 order granting a new trial, vacate the judgment of sentence, and remand for re-sentencing.

On September 11, 2015, a jury convicted Batty of receiving stolen property, firearms not to be carried without a license, and possession of a firearm prohibited.[1]

On October 29, 2015, at the sentencing hearing, the trial judge informed Batty that he believed that either Batty's trial counsel was ineffective during his closing argument or that the trial court erred when it

_____

[1] 18 Pa.C.S. §§ 3925(a), 6106(a)(1), and 6105(a)(1), respectively.

issued its jury instructions.[2] The trial court suggested that Batty should waive his appellate rights and make an oral motion for relief pursuant to the Post Conviction Relief Act ("PCRA"),[3] which the trial court would grant. The proceeding included the following exchanges:

_____

[2] The trial court stated:

> Now, the reason that I just had the discussion with counsel is that I believe that we've sort of gotten ourselves in legal bind of sorts, which comes from the fact that your attorney made an argument in closing and in my instructions of the law I told the jury that that argument that he made was legally flawed in some manner and obviously [they are] most likely to accept that argument.
>
> Now, the problem with that is, it's a double edged sword. That is, one, I may have been mistaken when he said that, and may[]be when you take your appeal, the Superior Court will say, Judge, you made a mistake and we're giving this guy a new trial.
>
> But if they say that I was right, then you are going to come in on post conviction and say my counsel didn't do things right because he made this argument and the judge said that the argument was wrong, it was flawed. And at that point you would likely be entitled to new trial on that basis.
>
> So to me it doesn't matter which one of those is the vehicle for it, whether they say that I made the mistake or whether he made the mistake. The bottom line that you didn't have an argument that was legally correct and in my mind, therefore, you are entitled to new trial.

N.T., 10/29/2015, at 3-4.

[3] 42 Pa.C.S. §§ 9541-9546.

THE DEFENDANT: I don't want to waive nothing. I don't really know, this ain't a good counsel for me. So I don't really know if it's good to waive it or it ain't. So I would rather go through the legal process, get it sentenced, if I could, and take time to read this, and go through the regular legal process.

THE COURT: Well, as I explained to you, you have that right. Now, if you do that, there is no guarantee that you'll win on appeal. I mean, obviously I think that I was legally correct.

THE DEFENDANT: There is no way that I can because this is –

THE COURT: We don't know which one you'll win on. In my opinion you win on either the appeal or the post conviction, but, if you don't win on the appeal, that's going to be a year down the road.

[DEFENSE COUNSEL]: What the Judge is trying to tell you is, if you go forward with his proposition today, he's going to grant you a new trial, which could happen within the next month or the next 2 or 3 trial terms. If you don't go with his suggestion, you'll have to file an appeal. A decision on that appeal would not be made for another 8 to 12 months down the road, and you would be sitting in prison for that entire period of time, okay. Once that appeal comes down, and if the appeal of the Superior Court agrees with my argument and disagrees with the Judge, you get a new trial on that basis and that would happen within 8 to 12 months from this date. If they uphold the Judge's decision, then you have to file a claim and that claim would have to be given a new hearing date, okay. So now we are 8 to 12 months down the line. You file a PCRA motion, the Judge would have to schedule that hearing, that would probably be another 30 to 60 days down from that time. We have a hearing and the Judge would indicate at that point in time he would most likely find me ineffective, based upon the arguments that you just heard, and you would be granted new trial at that period of time.

So now you are looking for another 3 or 4 months down the road for that one and you would be back on the trial list. They don't have to try you right away, they have

- 3 -

period of time to try you again, which would be another 6 months.

So what the Judge is telling you, it's another period of time between 12 and 24 months before you get a new trial, but if you go along with this proposition today, you can skip that time period of two years and go immediately to the new trial, which should happen within the next two months.

THE COURT: Legally --sir, legally it doesn't matter whether we do it the way I'm suggesting today or we get it on appeal or we get it on post conviction. Once you get it, no matter how you get it, you'll be in exactly the same legal position regardless. Nothing will be different as a result of the method, the only thing that will be affected will be how soon it happens.

THE DEFENDANT: Yeah. This dude has been fouling me for so long, I don't know what to believe with him in the process.

THE COURT: Well, I'm telling you this. He's agreeing with me obviously because he's just explained it to you in a little different words, but he said exactly the same thing that I said.

THE DEFENDANT: But I just- -

THE COURT: I mean, all I'm doing this for is time. It seems to me it's beneficial to you because you are not sitting in jail. And it's beneficial to the DA because two years from now if they have to retry it, who knows if they'll have their witnesses or anything else. Your know, a lot of things can change in two years. So to me, it's beneficial for both sides to – if it's going to happen, get it over right away and get the new trial scheduled and whatever happens happens.

THE DEFENDANT: But if it was beneficial my suppression motions would have been granted and all of that. If they really cared about me getting back to my family.

THE COURT: Nobody is saying that they care about you getting back to your family.

THE DEFENDANT: I know they don't.

THE COURT: The DA is trying to convict you and send you to jail.

THE DEFENDANT: That's why I would rather go-through the legal process and follow things through.

N.T., 10/29/2015, at 7-10. Following another attempt by the trial court to persuade Batty to waive his appellate rights and make a PCRA motion, the following exchange occurred:

THE DEFENDANT: Could you wait a minute?

THE COURT: Yes.

THE DEFENDANT: I'm still sticking by the same thing. I would just rather still file by the regular process until I can get a new attorney for that.

THE COURT: Well, you are not going to get a new attorney, if you are not given a new trial.

THE DEFENDANT: I'm going to get a new trial, I'm putting my faith in it.

THE COURT: Well, but for the purposes of the appeal, you are going to have your present counsel, just so that you understand that. If you accept a new trial today, then you get a new attorney. If you say I don't want that, I want to proceed with my appeal, then you proceed with this attorney on the appeal.

Now, when you get to -- if your appeal is denied and you file a post conviction, however long that might be down the road, then you would be entitled to a new attorney, but just for the post conviction. And if in the post conviction another judge is involved and denies your post conviction, you'll never get a new trial. Or you can take a guaranteed one right now. I can't make it any clearer than that.

So if you want a new trial right now and a new attorney right now, then we have to proceed directly to your post conviction because that's the only basis that I have to grant a new trial. Otherwise I wipe my hands of the case.

THE DEFENDANT: I've been asking for a new attorney this whole time and [one] should have been given to me. And I gave reason after reason.

THE COURT: I have no control over that. Judge Renn had a hearing on that, he denied your request, and it's a closed issue, as far as I'm concerned. Unless your post conviction is granted and you are given a new trial, in which case you get a new attorney.

THE DEFENDANT: So I'm still sticking by filing for ineffective counsel.

THE COURT: That's fine. As long as you understand that this attorney is going to continue to represent you on your appeal, you have to complete your appeal before you can file post conviction and that it's going to be a substantial period of time, probably at least year, could be even more.

[DEFENSE COUNSEL]: Do you understand that?

THE DEFENDANT: I'll file ineffective counsel. I'll understand it.

THE COURT: I'm sorry?

THE DEFENDANT: I'm filing for ineffective counsel, I understand, and wait for a year.

[DEFENSE COUNSEL]: You understand that you have to exhaust your appeal first before you file a PCRA.

THE DEFENDANT: That's cool. We do post sentence motions and appeals.

[COMMONWEALTH]: Okay, then.

THE COURT: And you understand that the most that can happen by going that route is that they'll give you new trial and you instead could have one right now guaranteed. Is there somebody back there who can talk to him?

[COMMONWEALTH]: Your Honor, at this point, Your Honor, let's just proceed. I'm going to –

THE COURT: He's got some people in the audience, give him second.

- 6 -

[COMMONWEALTH]: I don't know that I'm okay with it any more. Your Honor, can we approach briefly?

THE COURT: Sure.

(Whereupon, discussion was conducted off the record at side bar.)

[DEFENSE COUNSEL]: Your Honor, at this time I would just request some time for my client to finish reviewing the PSI in its entirety and note any errors or omissions.

THE DEFENDANT: You say with the – what's the thing again, if you take it to trial right now, I don't have to read this?

THE COURT: Well, I have to sentence you before anything else can happen.

[COMMONWEALTH]: And, Your Honor, I apologize; at this point I would object to him waiving that and proceeding to PCRA. I think there [are] too many issues and I think we should go through the normal channels.

THE COURT: You can object obviously, but if he wants to waive his appeal rights, he has the right to do it. You don't have any control over that.

[COMMONWEALTH]: Okay.

THE COURT: And then the question would be, is he entitled to file an oral motion to the [c]ourt, and that's up to the [c]ourt. And then the next question, do we need to schedule full hearing on it, since the issues would be matters relating to what happened at trial, and since we all heard that already, I would have the discretion to proceed without that. However, you would have the right to appeal that. . . .

N.T., 10/29/2015, at 13-19. The trial court again explained the proposed

procedure and discussed when the next possible trial date would be, and the

following exchange occurred:

THE DEFENDANT: But I would be given a new attorney and not the same one right here?

THE COURT: Correct. So are you changing your mind and saying that you are willing to proceed in a fashion that I'm recommending and take a new trial today?

THE DEFENDANT: Yeah.

THE COURT: Are you sure now? If you agree to that, you can't come back later and say, gee, I wish I had taken my appeal. I don't know why you would do that because you are getting a new trial on appeal or you are getting new trial this way and doesn't really make much difference. But you have to tell me, I'm willing to accept a new trial today.

THE DEFENDANT: And what does that do, do I waive? What would you waive?

THE COURT: Well, you waive, in effect is the right to take your appeal --the purpose of which would be to get new trial.

THE DEFENDANT: So if I waive that, right, and take the new trial today and find that new lawyer that you give me is ineffective, I would be able to file another appeal?

THE COURT: Yes.

THE DEFENDANT: I'm ready to do that then.

THE COURT: Okay. And you understand that at this point you are not agreeing to that, but you understand that I have the right to do it regardless if I --in my discretion.

[ADA LOMBARDO]: Your Honor, I apologize, I'm with our appellate unit. Attorney Fisher contacted me, he had a question about the process and I'm here in my appellate capacity. We note our objection for the record, and we'll leave it at that. We understand Your Honor's ruling.

N.T., 10/29/2015, at 20-21. The trial court then sentenced Batty to 5 to 10 years' imprisonment for possession of a firearm prohibited, a concurrent sentence of 3½ to 7 years' imprisonment for possession of a firearm without

a license, and a consecutive 2½ to 5 years' imprisonment for receiving stolen property. *Id.*

The trial court then explained the agreement reached, i.e., that Batty agreed to waive his appellate rights and make a PCRA motion for relief. The trial court then ordered that Batty receive a new trial[4] and ordered that new counsel be appointed. N.T., 10/29/2015, at 29-30. The Commonwealth again noted its objection. *Id.* at 35-37.

On November 6, 2015, the Commonwealth filed a timely notice of appeal. Both the Commonwealth and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

The Commonwealth raises the following issues on appeal:

> 1. The trial court erred in granting [Batty] a new trial under the [PCRA]. The trial court made no findings as to the basis for which a new trial was granted. Further, the trial court did not analyze the ***Pierce***[5] prongs in determining whether trial counsel provided effective representation.
>
> 2. The trial court erred in granting [Batty] a new trial under the [PCRA] where the trial court believed it may have given an improper jury instruction. Whether the trial court erred in its instructions to the jury is an issue that could have been raised on direct appeal. Because [Batty] did not file a direct appeal, the jury instruction issue is waived for PCRA purposes under 42 Pa.C.S. § 4544. As

---

[4] The trial court stated that "it's granting a new trial without determining whether it was the [c]ourt's mistake or defense counsel's mistake." N.T., 10/29/2015, at 33.

[5] ***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa.1987).

that issue is waived, the trial court's jury instructions cannot serve as a basis for relief under the PCRA. Accordingly, the trial court erred in granting [Batty] relief.

3. The trial court erred in granting [Batty] a new trial under the [PCRA] based on the alleged ineffectiveness of counsel. No evidentiary hearing was conducted that allowed trial counsel to testify as to his actions and the strategy behind them. Further, the trial transcripts show that trial counsel acted reasonably and that [Batty] was not prejudiced by trial counsel's actions. Accordingly, the trial court erred in granting [Batty] a new trial.

Appellant's Brief at 4-5. Batty's counsel did not file an appellate brief.

We cannot condone the process followed by the trial court. The appellate and post-conviction review process is in place to ensure that all parties receive a fair and impartial proceeding. Here, the trial court skipped both avenues for relief, the appellate process and the post-conviction process. The trial court provided no law in support of his decision to avoid these avenues. Rather, the trial court found that either the trial court erred when instructing the jury or counsel was ineffective during his closing argument, without providing legal analysis in support of this conclusion.

Trial courts are not permitted to bypass the appellate and post-conviction proceedings, particularly where the parties are not in agreement with the proposed resolution. Here, the Commonwealth noted it was uncomfortable with the proposed procedure and objected, both before and after sentencing. Further, although Batty ultimately orally agreed to waive his right to appeal, this agreement occurred only after the trial court made numerous attempts to convince him to do so and after the trial court

repeatedly informed Batty that he would receive a new trial and new counsel if he waived his appellate rights.

Because the trial court did not follow the proper procedure, we will vacate the order granting a new trial and vacate Batty's judgment of sentence.

Further, although the trial court appointed new counsel for Batty, counsel has not filed an appellate brief.[6]  It is recommended that the trial court appoint new counsel to assist Batty at sentencing and in further proceedings.

Order vacated.  Convictions affirmed, but judgment of sentence vacated.  Remand for re-sentencing.  Jurisdiction relinquished.  We further direct the Prothonotary to send a copy of this memorandum to Appellee's counsel and to Appellee at his state correctional institution address.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/29/2016</u>

_____

[6] Further Batty has written this Court on two occasions and, in one filing, has stated that he has not had contact with counsel since November of 2015, despite efforts to reach him.  The communications were forwarded to counsel, unfiled.